The State *v.* O'Haver.

## THE STATE *v.* G. T. O'HAVER.

WITNESS FEES. *Criminal cases.* A witness cannot prove attendance at any one term of the court in more than two criminal cases, although the terms of the court may have greatly lengthened since the passage of the statute prescribing the restriction, and the cases have been tried at different times during the term.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. A. H. DOUGLASS, J.

ATTORNEY-GENERAL LEA for the State.

G. B. PETERS for O'Haver.

COOPER, J., delivered the opinion of the court.

The defendant in error applied to the clerk of the criminal court of Shelby county to tax the sum of two dollars as his witness fees, under subpœna on the part of the State, in the case of the State against Willis Cole, tried at that term of the criminal court, and in which he was examined as a witness. The clerk refused to tax the fees because O'Haver had already, at that term of the court, claimed fees as a witness, which were allowed and taxed, in two other criminal cases. The plaintiff in error then moved the court to order the clerk to tax the fees, and, on the hearing of the motion, proved that the two other cases, in which his witness fees were taxed, were tried on separate days from each other, and from the day on which the case in question was tried, and that in neither of said cases was he in attendance on the same day, and that the cases had no connection with each other. The criminal judge sustained the motion, and ordered the fees to be taxed, and the State appealed.

The new Code, section 6235, is: "No witness can prove attendance at any one term of the court in more than two criminal cases." Costs are created by statute, and unless there be some law to authorize it, the court can not give costs against any one: *Mooneys* v. *State*, 2 Yer., 578; *State* v. *Barton*, 3 Hum., 13; *State* v. *Wormick*, 1 Lea, 559. And before the

statute which allowed a witness, to prove his attendance in every suit in which he was summoned to testify, this court held that a witness summoned in more than one case could only be allowed his attendance in one: *Hopkins* v. *Waterhouse,* 2 Yer., 323. The duty of the court in the matter of costs is simply to obey the statute law.

The argument submitted in support of the ruling of the court below is based partly on the fact that section 6235 is taken from the act of 1843, since which time the "term" of the court has been greatly lengthened, and partly on the hardship of the restriction on the witness, whose services may be thus taken without just compensation. But these are reasons to be addressed to the Legislature, not to the courts. The directions of the law-making power must be obeyed until that power sees proper to alter them. And the refusal of the courts to tax an item not warranted by statute in the bill of costs does not interfere with the party's right to just compensation, if he be entitled to compensation beyond the taxable costs.

Reverse the judgment.